081649.0335(207)　　　　　　　　RMC:lab　　　　　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **CARNAGIO ENTERPRISES, INC.,** an Illinois corporation, and **ANGELA KARIKARI, Individually and on behalf of all others similarly situated,** | ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, American Family Mutual Insurance Company, S.I., by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Carnagio Enterprises, Inc., an Illinois corporation, and Angela Karikari, Individually and on behalf of all others similarly situated, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2.   Venue is premised upon 28 U.S.C. § 1391(b)(1) as the Defendants reside in this District.

## THE PARTIES

3.   American Family Mutual Insurance Company, S.I. ("AmFam") is a Wisconsin insurance corporation, which maintains its principal place of business in Madison, Wisconsin, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.   Carnagio Enterprises, Inc. ("Carnagio") is an Illinois corporation with its principal place of business in Channahon, Illinois.

5.   Angela Karikari ("the Claimant") is an individual who is a citizen and resident of the State of Illinois. The Claimant has been joined herein as a defendant to the extent that she is interested.

## THE AMFAM POLICIES

6.   AmFam issued its policy of insurance numbered 12XH289501 to Carnagio as named insured which policy includes the locations owned and operated by Carnagio. The policy provided for Businessowners Liability Insurance for the effective period of March 1, 2018 to March 1, 2019, and renewed for the period of March 1, 2019 to March 1, 2020. A certified true and correct copy of each AmFam policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A and B, respectively.

## THE UNDERLYING LITIGATION

7. The Claimant initiated her action on February 11, 2019, and thereafter filed an Amended Class Action Complaint against Carnagio in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois, under Cause No. 19 L 168. A true and correct copy of the aforesaid Amended Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

8. The Claimant seeks damages from Carnagio for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"). The Claimant alleges that as an employee of Carnagio her fingerprints were scanned, and that Carnagio violated BIPA's provisions relating to the collection of biometric data when it, among other things, scanned her fingerprints and failed to disclose the specific purpose for collecting, storing and using her biometric information and the length of time the biometric indentifiers or biometric information would be stored. The Amended Complaint contains three counts, which allege that Carnagio violated BIPA for which statutory damages and attorneys' fees are sought for the following, all of which more fully appears in Pleading Exhibit C attached hereto:

    (a)    Capturing, collecting, storing and using biometric information without first informing the employee in writing of the purpose for which Carnagio was doing so and the length of time it would store and use the biometric information;

    (b)    Failure to obtain a written release from the employee that biometric information was being collected and/or stored;

    (c)    Failure to have a written policy, made available to the public, establishing a retention schedule and destruction guidelines

for Carnagio's possession, storage and use of biometric information.

### PROVISIONS OF THE AMFAM POLICIES

9. Each AmFam policy provides in its Insuring Agreement for "bodily injury," "property damage," and "personal and advertising injury" as follows:

> **A. Coverages**
>
> **1. Business Liability**
>
>> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>>
>>> **(1)** The amount we will pay for damages is limited as described in Paragraph **D**. – Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and
>>>
>>> **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.
>>
>> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f**. Coverage Extension -- Supplementary Payments.

10. Each AmFam policy defines certain terms used in the Insuring Agreement as set forth in ¶ 9 hereof as follows:

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement;

    \* \* \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    \* \* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or

5

     disparages a person's or organization's goods, products or services;

  **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

  **f.** The use of another's advertising idea in your "advertisement"; or

  **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

     \*   \*   \*   \*   \*

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  For the purposes of this insurance, electronic data is not tangible property.

  As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

11. Each AmFam policy in its Exclusion s. provides as follows:

This insurance does not apply to:

     \*   \*   \*   \*   \*

 **s.** **Distribution Of Material in Violation Of Statutes**

6

"Bodily injury," "property damage, or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

*   *   *   *   *

**(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

12. Each AmFam policy includes an Employment-Related Practices Exclusion endorsement which provides, in part, as follows:

> The following exclusion is added to Paragraph **B. Exclusions** in **Section II – Liability**:
>
> This insurance does not apply to:
>
> **1.** "Bodily injury" or "personal and advertising injury" to:
>
> **a.** A person arising out of any:
>
> **(1)** Refusal to employ that person;
>
> **(2)** Termination of that person's employment; or
>
> **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
>
> **b.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(1)**, **(2)** or **(3)** above is directed.
>
> **2.** This exclusion applies:
>
> **a.** Whether the insured may be liable as an employer or in any other capacity; and

7

      **b.**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

13.    Each AmFam policy includes an endorsement exclusion for access to or disclosure of confidential or personal information and data-related liability which provides as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY– WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**A.**    Exclusion **B.1.q.** of **Section II – Liability** is replaced by the following:

This insurance does not apply to:

    **q.**    **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

        **(1)**    Damages, other than damages because of "personal and advertising injury," arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information, or

        **(2)**    Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

            This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense

8

incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury."

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II – Liability**:

This insurance does not apply to:

**p.** **Personal And Advertising Injury**

"Personal and advertising injury."

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to

9

or disclosure of any person's or organization's confidential or personal information.

### TENDER OF DEFENSE

14. Carnagio tendered its defense to AmFam, and AmFam accepted that tender subject to reservation for the reasons stated herein.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

15. AmFam adopts and repeats the allegations of ¶¶ 1 through 14 as and for ¶ 15 hereof as though the same were fully set forth herein.

16. While each AmFam policy, Pleading Exhibit A and B, extend coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policies of insurance.

17. AmFam contends that it has no duty or obligation to defend Carnagio in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

    (a)    That the Amended Class Action Complaint does not allege "bodily injury" as defined by the policies of insurance.

    (b)    That the Amended Class Action Complaint does not allege "property damage" as defined by the policies of insurance.

    (c)    That the Amended Class Action Complaint does not allege "personal and advertising injury" as defined by the policies of insurance.

     (d)    That the Amended Class Action Complaint does not allege an "occurrence" as defined by the policies of insurance.

     (e)    That the policies issued to Carnagio do not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to Exclusion s. which excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.[1]

     (f)    That the policies issued to Carnagio do not cover claims for "bodily injury" or "personal and advertising injury" arising out of employment-related practices and scanning fingerprints to use the time tracking system maintained by Carnagio was an employment requirement and policy.

     (g)    That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the AmFam policies.

18.    The above contentions of AmFam are, on information and belief, denied by Carnagio which, in turn, contends that it is entitled to coverage under the AmFam

---

[1] AmFam raises this defense as a good faith challenge to existing law. *West Bend Mutual Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2020 Il App (1st) 191834.

11

policies of insurance. AmFam, in turn, denies, the contrary contentions of Carnagio and each of them.

19. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

20. AmFam in the alternative adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 20 hereof as though the same were fully set forth herein.

21. While the AmFam policies, Pleading Exhibits A and B, extend coverage to Carnagio for "bodily injury," "property damage," and "personal and advertising injury" as defined therein, the claims in the underlying action by the Claimant are set forth in a suit which was filed by the Claimant on February 11, 2019, served on Carnagio's registered agent by the Grundy County (Illinois) sheriff on March 6, 2019, and in which Carnagio through counsel filed an appearance of record on April 2, 2019, all of which was known to Carnagio, but not reported by Carnagio to AmFam until May 6, 2020, almost 14 months later, after suit was filed and served on March 6, 2019.

22. AmFam contends in the alternative that Carnagio is not entitled to any coverage under the AmFam policies because it breached the policy's notice of suit condition as first notice 14 months after the suit was filed and served is not prompt, not reasonable under the circumstances, and may have prejudiced AmFam. Each policy's notice condition provides, as follows:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> **(1)** How, when and where the "occurrence" or offense took place;
>
> **(2)** The names and addresses of any injured person and witnesses; and
>
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> **b.** If a claim is made or "suit" is brought against any insured, you must:
>
> **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
>
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **c.** You and any other involved insured must:
>
> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

13

> > **(2)** Authorize us to obtain records and other information;
> >
> > **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
> >
> > **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent

23. The above contentions of AmFam are, on information and belief, denied by Carnagio which, in turn, contends that it is entitled to coverage under the AmFam policies of insurance. AmFam in turn, denies the contrary contentions of Carnagio and each of them.

24. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**PRAYERS FOR RELIEF**

**WHEREFORE**, the Plaintiff, American Family Mutual Insurance Company, S.I., prays that this Court enters judgment finding and declaring the rights of the parties as follows:

**AS TO COUNT I:**

A. That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Carnagio Enterprises, Inc. for the action pending in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois, under Cause No. 19 L 168, under its Businessowners Liability policies of insurance numbered 12XH289501.

B. That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C. That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT II:**

A. That American Family Mutual Insurance Company, S.I. has no duty or obligation to provide a defense to Carnagio Enterprises, Inc. for the action pending in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois, under Cause No. 19 L 168, under its

        Businessowners Liability policies of insurance numbered 12XH289501.

B.    That the Court grant American Family Mutual Insurance Company, S.I. such other and further relief as the Court deems fit and just under the circumstances.

C.    That American Family Mutual Insurance Company, S.I. be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

                            Respectfully submitted:

/s/ *Robert Marc Chemers*
Robert Marc Chemers (Bar Number: 0431508)
Edward B. Ruff, III (Bar Number: 9181332)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:          (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com
E-Mail: eruff@pretzelstouffer.com
***Attorneys for Plaintiff***